# EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
-----------------------------------------X  Index No. 14870-07
EDDY   POLANCO AND FATIMA POLANCO
                                            Date original summons
                                            and Complaint was filed
                                            with the Clerk:

                                            Plaintiff designates
                                            Bronx County as the
                                            place of trial
                  Plaintiff(s),

                                            The basis of the venue
         - against -                        is Plaintiff(s)
                                            place of residence

YOUNG KIM                                   SUMMONS

                                            Plaintiff(s) resides at:

                                            14 Marcy Place
                                            Bronx, NY 10452

                  Defendant(s).

-----------------------------------------X
```

To the above named Defendant(s):

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 14, 2007

_____
NELLY STOTLAND, ESQ.
Law Offices of Nelly Stotland & Assoc., P.C.
Attorney for Plaintiff(s)
116-55 Queens Blvd, suite 226
Forest Hills, New York 11375
(718) 261-0133

Defendant's address(es):
Young Kim
207 Pond Terrace
Township of Washington, NJ 07676

```
SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
------------------------------------X  Index No.
EDDY POLANCO AND FATIMA POLANCO

                    Plaintiff,             VERIFIED

        - against -                        COMPLAINT

YOUNG KIM

                    Defendant(s).
------------------------------------X
```

Plaintiffs, Eddy Polanco and Fatima Polanco, by their attorney, Nelly Stotland, sets forth the following upon information and belief as and for their verified complaint.

DKI   1.   That at all relevant times, plaintiffs Eddy Polanco and Fatima Polanco were and are residents of Bronx County in the State of New York.

DKI   2.   That at all times hereinafter mentioned plaintiff Eddy Polanco was the operator of a motor vehicle bearing New York license plate # DPB4098.

A   3.   That at all times hereinafter mentioned defendant Young Kim was the operator of a motor vehicle bearing New Jersey license plate # LAR57Y.

A   4.   That at all times hereinafter mentioned defendant Young Kim was the owner of a motor vehicle bearing New Jersey license plate # LAR57Y.

A   5.   That at all times hereinafter mentioned defendant Young

1

Kim operated the aforementioned motor vehicle with the permission and consent of the owner.

6. That at all times hereinafter mentioned, Webster Avenue and Cross Bronx Expressway were and still are a public roadway in the County of Bronx, in the City and State of New York.

7. That on or about June 30, 2006 while plaintiff Eddy Polanco was lawfully operating his vehicle at aforesaid location, it was struck by the vehicle operated by defendant Young Kim.

8. That as a result of the aforementioned collision, plaintiff Eddy Polanco sustained serious and permanent bodily injuries.

9. That the defendant(s) named was reckless, careless and negligent in operating said motor vehicle at a fast, excessive and dangerous rate of speed in view of the circumstances and conditions then existing; in that the defendant driver disregarded traffic signs and signals at and in operation on the aforesaid public roadway; in that the defendant driver failed to be and remain reasonably alert while operating a motor vehicle on the aforesaid public highway; in that the driver failed to observe and/or disregarded traffic and traffic conditions on the aforesaid public highways, in that the defendant driver failed to keep a proper lookout for other motor vehicles including the vehicle which plaintiff was operating at the time of the accident; in that the defendant failed to give any warning horn

or other appropriate signals of the manner or operation of the defendant's vehicle; in that the defendant struck the plaintiff's vehicle; in that the defendant failed to keep the said vehicle operating under reasonable and proper control; in that the defendant's motor vehicle was operated without regard to the safety of other persons lawfully using the aforesaid public highways; in that the defendant driver so negligently and carelessly operated the aforesaid motor vehicle so as to cause it to collide with the vehicle in which the plaintiff was in; in that the defendant driver failed to operate said motor vehicle in such a careful, prudent and reasonable manner so as to avoid the aforementioned accident; in that the defendant driver operated said motor vehicle contrary to and in violation of the rules of the road in such cases made and provided colliding with the vehicle plaintiff was in, and the defendant was otherwise reckless, careless and negligent in the ownership, operation, maintenance and control of such motor vehicle.

10. That said accident was in no way occasioned through any negligence on the part of the plaintiff.

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
PLAINTIFF EDDY POLANCO

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 10, with the same force and effect as though they had been fully set forth at length.

3

12. That by reason of the foregoing, the plaintiff became sick, sore, lame and disabled, sustained severe injuries to various parts of plaintiff's body, suffered and will continue to suffer great pain and anguish in body and mind; necessarily received and will continue to receive medical treatment and medicines in an endeavor to be healed of said injuries for which expenses were and will continue to be incurred; that plaintiff was rendered unable to attend to plaintiff's usual work and occupation as plaintiff had theretofore done, and upon information and belief, plaintiff's injuries may be permanent in character.

13. That plaintiff has sustained a serious injury as defined in subdivision four of section 5102 of the Insurance Law, or economic loss greater than basic economic loss as defined in subdivision one of section 5102 of the Insurance Law.

14. The limited liability provisions of CPLR § 1601 do not apply pursuant to one or more of the exceptions of CPLR § 1602.

15. That by reason of the foregoing, plaintiff Eddy Polanco has been damaged in a sum exceeding jurisdictional limits of all Courts lower than the Supreme Court.

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
PLAINTIFF FATIMA POLANCO

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 15, with the same force and effect as though they had been fully set forth at

4

length.

17. That all times hereinafter mentioned, the plaintiffs Eddy Polanco and Fatima Polanco were and still are residing as husband and wife.

18. That Plaintiff Fatima Polanco, as the wife of Eddy Polanco, is entitled to his services, society, consortium, companionship and support.

19. That by reason of the foregoing, the plaintiff Fatima Polanco has been deprived of the services, society, companionship, consortium and support of plaintiff Eddy Polanco in a sum exceeding jurisdictional limits of all Courts lower than the Supreme Court.

WHEREFORE, plaintiff Eddy Polanco demands judgment against the defendants on the first cause of action in the amount exceeding jurisdictional limits of all Courts lower than the Supreme Court; plaintiff Fatima Polanco demands judgment against the defendants on the second cause of action in the amount exceeding jurisdictional limits of all Courts lower than the Supreme Court, all together with the costs and disbursements of these actions.

Dated:   Queens, New York
         April 14, 2007

_____
NELLY STOTLAND, ESQ.
Law Offices of Nelly Stotland & Assoc., P.C.
Attorney for Plaintiff
116-55 Queens Blvd, Suite 226
Forest Hills, New York 11375
(718) 261-0133

5

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK
            s.s.
COUNTY OF

    Nelly Stotland, being the attorney of record for the plaintiff in the within action states that she has read the foregoing Summons and Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. This verification is made by deponent and not by plaintiff(s) since plaintiff(s) reside outside of Queens County where deponent has her office. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from conversations with the plaintiff(s) and from correspondence and information in deponent's possession.

    The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated:   April 16, 2007

                                                      _____
                                                      Nelly Stotland